15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marvin Duwayne BROCKETT, Petitioner-Appellant,
v.
Richard H. RISON, Warden, et al., Respondents-Appellees.
 No. 92-55257.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Marvin Duwayne Brockett appeals the district court's denial of his 28 U.S.C. Sec. 2241 petition for habeas corpus relief. Brockett contends that he was improperly denied a parole hearing from 1981 to 1989 and that he was not given credit for time earned while serving his sentence in Canada. Brockett's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1966), which stated that counsel believed that the claims raised by Brockett were without merit. Brockett has filed a pro se opening and reply brief. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review the district court's denial of a 28 U.S.C. Sec. 2241 habeas corpus petition de novo. Vermouth v. Corrothers, 827 F.2d 599, 601 (9th Cir.1987). We affirm.
 
 
 3
 In 1974, Brockett pleaded guilty to "non-capital murder" in a Canadian court and was sentenced to a life term. In 1978, pursuant to a treaty exchange, Brockett was transferred into the custody of the United States Bureau of Prisons.
 
 
 4
 Brockett contends that he was improperly denied a parole hearing, as mandated by 28 U.S.C. Sec. 4208(h)(2) and 28 C.F.R. Sec. 2.14(a)(1)(ii), from 1981 to 1989. This contention lacks merit.
 
 
 5
 Pursuant to 28 C.F.R. Sec. 2.14. (a)(1)(ii), a prisoner is entitled to a interim parole hearing every twenty-four months. However, the prisoner is required to submit an application for such a hearing before he can receive an interim parole hearing. 28 C.F.R. Sec. 2.11(a). "A prisoner who declines either to apply for or waive parole consideration is deemed to have waived parole consideration." 28 C.F.R. Sec. 2.11(c).
 
 
 6
 In April 1981, Brockett waived his right to a parole hearing. Brockett did not apply for a parole hearing until 25 July 1990 for the November 1990 docket. Thus, although Brockett was entitled to an interim parole hearing, see 28 C.F.R. Sec. 2.14(a)(1)(ii), he never requested such a hearing as required by 28 C.F.R. Sec. 2.11(a). Therefore, Brockett was not denied interim parole hearings from 1981 to 1989.
 
 
 7
 Brockett further contends that he was not given credit for time earned while serving his sentence in Canada. This contention lacks merit.
 
 
 8
 "Following the initial hearing, the Commission shall ... continue the prisoner to a fifteen year reconsideration hearing." 28 C.F.R. Sec. 2.12(b)(3).
 
 
 9
 Here, Brockett was convicted in Canada and began serving his sentence in 1974. In October 1978, Brockett was transferred into the custody of the United States Bureau of Prisons. In 1979, the Parole Commission held an interim parole hearing and scheduled an interim parole hearing in ten years for May 1989. Thus, by scheduling the interim hearing ten years away, the Commission took into account the five year period Brockett had already spent in custody. Moreover, Brockett was awarded 176 days of good time credits that he earned while in Canadian custody. Therefore, Brockett was given credit for time earned while in Canadian custody.
 
 
 10
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), reveals no other issues for review. Accordingly, counsel's motion to withdraw is GRANTED, Brockett's motion to substitute counsel is DENIED, and the district court's order denying Brockett's petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brockett's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3